## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JESSICA HAULTER,**
**an individual**

  **Plaintiff,**       **CASE NO.:**

**v.**

**DFJ VINHOS, S.A.,**
**a Portuguese Corporation,**
**RETAIL SERVICES &**
**SYSTEMS, INC. (d/b/a TOTAL**
**WINE),**
**a Maryland Corporation,**
**COST PLUS WORLD**
**MARKET, LLC (d/b/a WORLD**
**MARKET),**
**a Delaware Limited Liability**
**Company and**
**GRAPE EXPECTATIONS, INC. (d/b/a**
**PREMIER WINE COMPANY)**
**a California Corporation.**

  **Defendants.**
_____/

## <u>AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT</u>

Plaintiff, JESSICA HAULTER, ("Haulter" or "Plaintiff"), an individual, by

and through her undersigned counsel hereby files this Complaint against Defendants,

DFJ VINHOS, S.A. ("DFJ Vinhos"), Retail Services & Systems, Inc. ("TOTAL

WINE"), Cost Plus World Market, LLC ("WORLD MARKET"), and Grape

Expectations, Inc. ("Premier Wine") (collectively "Defendants"). Plaintiff alleges the following as grounds:

## NATURE OF THE ACTION

1.     Plaintiff brings this action seeking monetary and injunctive relief for Defendants' intentional infringement of Plaintiff's copyrighted work registered under Registration Number VA 2-347-785 (the "Copyrighted Work").  A true and correct copy of the Certificate of Registration, registered May 18, 2023, and a reproduction of the copyrighted work at issue are attached hereto as Exhibit "A."

## PARTIES

2.     Plaintiff is an individual who resides in Orange County, Florida.

3.     Upon information and belief, Defendant DFJ Vinhos, S.A. ("DFJ Vinhos") is a foreign corporation registered under the laws of Portugal, located at Quinta da Fonte Bela 2070-68 Vila Cha de Ourique Portugal, and is selling wine in this district with a derivative work of the Copyrighted Work (defined later herein) on the wine labels.

4.     Upon information and belief, Defendant DFJ Vinhos produces an annual production of ten million bottles of wine under thirty (30) brands, and over one hundred (100) different wines, where ninety-nine percent (99%) of the 10 million bottles are exported to over fifty (50) countries, including to the United States and specifically into Florida and this district.

5.      Without permission, license, or consent, and in an effort to promote their own business, DFJ Vinhos improperly copied, displayed, and distributed Plaintiff's Copyrighted Work, by imposing a derivative work of Plaintiff's Copyrighted Work onto the label of their red, rosé, and white wine blend bottles, and all variations thereof of each wine blend sold as under the title or brand PAXIS or more specifically PAXIS "Bulldog." A true and correct copy of a screenshot from DFJ Vinhos' website showing each PAXIS Bulldog wine are attached hereto as Exhibit "B." A photo of the PAXIS Bulldog wine bottles, also taken from DFJ Vinhos' website, is reproduced below:



6.     Upon information and belief, Total Wine is a corporation organized and existing under the law of the State of Maryland, with its principal place of business located at 6600 Rockledge Drive, Suite 150, Bethesda, Maryland.  In Florida, Total Wine has registered with the Division of Corporations as a foreign profit corporation, affirming that it is performing business in this State.  *See* Exhibit "C." Total Wine's brand name is Total Wine & More and it is an alcohol retailer, selling alcoholic beverages, including wine, to the general public.

7.     Total Wine is selling Defendant DFJ Vinhos' Paxis Bulldog wines in this district with the derivative work of the Copyrighted Work on the wine labels. *See* Exhibit "D" attached.

8.     Upon information and belief, World Market is a limited liability company organized and existing under the law of the State of Delaware, with its principal place of business located at 1201 Marina Village Parkway, Alameda, California.   In Florida, World Market has registered with the Division of Corporations as a foreign profit corporation, affirming that it is performing business in this State.  *See* Exhibit "E." World Market is a specialty/import retail store chain, selling home furniture, decor, curtains, rugs, gifts, apparel, coffee, wine, craft beer, and international food products, to the general public.

9.      World Market is selling Defendant DFJ Vinhos' Paxis Bulldog wines in this district with the derivative work of the Copyrighted Work on the wine labels. *See* Exhibit "F."

10.      Upon information and belief, Defendant Premier Wine is a corporation, Grape Expectations, Inc., incorporated under the laws of the State of California and specializes in the sale and distribution of various wine blends throughout the United States, including Florida.  In Florida, Grape Expectations, Inc. has registered with the Division of Corporations as a foreign profit corporation with an alternate name of Premier Wine Company for the purpose of transacting business in Florida, affirming that it is performing business in this State. *See* Exhibit "G."

11.      Premier Wine is selling Defendant DFJ Vinhos' Paxis Bulldog wines in Florida with the derivative work of the Copyrighted Work on the wine labels. *See* Exhibit "H."

12.      By this action, Plaintiff seeks actual damages, plus any additional profits obtained by Defendants that are attributable to the infringement.

## JURISDICTION AND VENUE

13.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

14.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

15.   This Court has personal jurisdiction over Defendants as each has conducted business in this State, has directed its activities at residents of this forum, and the infringement occurred in this State and within this judicial district.

16.   Specifically, Defendant DFJ Vinhos markets and sells, minimally, its red, rosé, and white wine blends bearing a derivative of Plaintiff's Copyrighted Work in at least one of the stores individually owned by Defendant World Market and at least one of the stores individually owned by Defendant Total Wine in this district wherein World Market and Total Wine are individually, actively marketing and selling in concert with Defendant DFJ Vinhos.  *See* Exhibits "D" and "F" attached hereto for true and correct copies of the advertisements for sale of infringing wine bottles by Defendants World Market and Total Wine bottles in this jurisdiction.

17.   Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

## THE COPYRIGHTED WORK AT ISSUE

18.   In 2009, Plaintiff created an original photograph entitled "Brooklyn the English Bulldog Sleeping" (the "Copyrighted Work"). A true and correct copy of the Copyrighted Work is attached hereto as Exhibit "I" and the photograph is reproduced below:

6



19.     Plaintiff featured the Copyrighted Work on her Flickr page on or about April 9, 2009. *See* Exhibit "J" attached hereto for printout of the Plaintiff's Flickr page and the following link:

https://flickr.com/photos/xdawnx/3430201605/in/album-72157603658167767/.

20.     Plaintiff never removed the Copyrighted Work from her Flickr page.

21.     Flickr is an image and video hosting service and is a popular way in which amateur and professional photographers post high-resolution photographs. Any member of the public can access photos posted on Flickr without the need to register or make an account.

22.     Flickr users are able to search for images by imputing keywords into a search bar.

23.     By clicking on any image, the user is transported to a new page, which provides information on the owner of the image, along with copyright/license information for the photo.

24.     If interested in licensing and/or using the photo, users must create a Flickr account and from there can use FlickrMail to contact the copyright owner of the photo to request permission to use the owner's imagery.

25.     For all relevant periods the Copyrighted Work has been displayed on Flickr with the copyright/license designation "Some Rights Reserved" as a hyperlink. By clicking on the hyperlink, information regarding the nature of the license of the Copyrighted Work is displayed, specifically showing the Copyrighted Work is subject to an Attribution-NonCommercial-NoDerivs 2.0 License and may be copied and distributed in any medium or format by a licensee subject to the following terms:

a.     The licensee must give appropriate credit to the licensor, provide a link to the license, and indicate if any changes were made.

b.     The Copyrighted Work may not be used for commercial purposes. Commercial use is defined as one primarily intended for commercial advantage or monetary compensation.

c.     If the licensee, remixes, transforms, or builds upon the Copyrighted Work, the modified material may not be distributed. *See* Exhibit "K" attached for a true and correct copy of the webpage the "Some Rights Reserved" hyperlink on Plaintiff's Flickr page leads to. *See* Exhibit "L" for a copy of the license the Copyrighted Work is subject to.

8

## FACTUAL BACKGROUND

26.     Plaintiff created the Copyrighted Work at issue as the photographer.

27.      The Copyrighted Work is wholly original and the result of Plaintiff's creativity.  Moreover, the Copyrighted Work is fixed in either a digital media format or a physical format.

28.      Plaintiff is the exclusive owner of all rights, title, and interest in the Copyrighted Work, including all rights under copyright law.

29.     The Copyrighted Work was made available to the public and Defendants.

30.     In April 2023, Plaintiff became aware that Defendant DFJ Vinhos was copying, displaying, and distributing the Copyrighted Work without authorization as part of the label on Defendant's Paxis Bulldog wines.

31.     On April 19, 2023, Plaintiff contacted Defendant DFJ Vinhos and put Defendant DFJ Vinhos on notice of its infringement, noting specifically that Plaintiff never licensed the Copyrighted Work to Defendant DFJ Vinhos. *See* Exhibit "M" attached.

32.     In its April 20, 2023, response, Defendant DFJ Vinhos claimed no knowledge of Plaintiff's Copyrighted Work but did admit to copyright infringement. Specifically, DFJ Vinhos acknowledged that it located "many internet images,"

selected one, which they believed to be a coal pencil drawing, and allegedly used this drawing to create a bulldog image for their Paxis Bulldog wine label. *Id*.

33.   By their own admission, Defendant DFJ Vinhos admits to creating a derivative work from an image found on the Internet but denies that it was Plaintiff's Copyrighted Work.

34.   Examination of Plaintiff's Copyrighted Work and Defendant DFJ Vinhos' label supports that the Copyrighted Work and the bulldog on DFJ Vinhos' label are substantially similar, if not identical. *See* Exhibit "N" for comparison of Plaintiff's Copyrighted Work, the image Defendant DFJ Vinhos admits to have used in the selection of the bulldog image appearing on its wine labels, the final image created from the selected image, and a copy of the PAXIS Bulldog White 2020 bottle taken from Defendant DFJ Vinhos website, http://en.dfjvinhos.com/v/paxis-bulldog-white-2020.

35.   Defendant DFJ Vinhos is offering for sale its Paxis Bulldog wines not only in the United States but throughout the world.

36.   The use of the derivative of Plaintiff's Copyrighted Work is integral to the formation and success of the brand as admitted by Defendant DFJ Vinhos, *see* Exhibit "M," and the key feature remembered by consumers prompting the ultimate purchase of one or more of the Paxis Bulldog wine varieties. *See, for example,* Exhibit "O."

37.     Hence, pursuant to the Berne Convention, Plaintiff is entitled to redress for DFJ Vinhos' copyright infringement in each country the Paxis Bulldog wine is sold.

38.     Defendants Total Wine and World Market are marketing, distributing, and selling the Paxis Bulldog wines within Florida and this District.

39.     Defendant Premier Wine is distributing and selling the Paxis Bulldog wines into at least Florida.

40.     Defendants have willfully or, at the very least, recklessly, disregarded Plaintiff's rights in and to Copyrighted Work.

41.      Plaintiff is entitled to redress for Defendants' unauthorized use of the Copyrighted Works for their own financial benefit.

42.     Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT OF VA 2-347-785
## (17 U.S.C. § 501)

43.     Plaintiff incorporates the allegations of paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.     Plaintiff owns a valid copyright in the Brooklyn the English Bulldog Sleeping work.

45.     Defendants', individually and/or collectively, copied, displayed, and/or

distributed the Copyrighted Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

46.    Defendants performed the acts alleged herein in the course and scope of their business activities.

47.    Defendants' infringing conduct alleged herein was, minimally, in reckless disregard of Plaintiff's rights in the Copyrighted Work and has enabled Defendants to illegally obtain profit therefrom.

48.    As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

49.    Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to its infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

50.    Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II
## CONTRIBUTORY/ VICARIOUS COPYRIGHT INFRINGEMENT OF VA 2-347-785

51.    Plaintiff incorporates the allegations of paragraphs 1 through 42 of this Complaint as if fully set forth herein.

52.     Defendants, individually, and/or collectively, knew or had reason to know, of the infringing activity described herein.

53.     Defendants, individually, and/or collectively, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of wine featuring the Copyrighted Work alleged herein.

54.     Defendants', individually and/or collectively, are vicariously liable for the infringement alleged herein because they had the ability to supervise in the U.S. the infringing conduct and had a direct financial interest in the infringing conduct.

55.     By reason of Defendants', individual and collective, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional general and special damages.

56.     Due to Defendants', individual and collective, acts of copyright infringement as alleged herein, Defendants' have, individually and collectively, obtained direct and indirect profits that they each would not have otherwise realized but for their individual and/or collective infringement of the Copyrighted Work. As such, Plaintiff is entitled to disgorgement of Defendants', individual and/or collective profits directly and indirectly attributable to Defendants' individual and/or collective infringement of Plaintiff's Copyrighted Work.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jessica Haulter, requests judgment against Defendants as follows:

A.      That Defendants, individually and/or collectively, be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement;

B.      That Plaintiff be awarded interest, including prejudgment and post-judgment interest, on the foregoing sums, according to law;

C.      That Defendants be enjoined from appropriating the Copyrighted Work, including the immediate removal of the Copyrighted Work from all advertisements within Defendants', individual and collective custody or control;

D.      That Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

E.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues for which there is a right to a jury trial.

DATED this 11 day of July, 2023.

Respectfully Submitted,

BEUSSE SANKS, PLLC
157 East New England Avenue, Suite 375

Winter Park, Florida 32789
Telephone:   (407) 644-888
Facsimile:    (407) 645-3200
Email: tsanks@firstiniplaw.com
Email: agyebi@firstiniplaw.com
***Attorneys for Plaintiff, AFFORDABLE
AERIAL PHOTOGRAPHY, INC.***

*/s/ Terry M. Sanks*
Terry M. Sanks
Florida Bar No. 0154430
Amaris C. Gyebi
Florida Bar No. 1019361