IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JESSICA HAULTER,**
an individual

      **Plaintiff,**　　　　　　　　　　**CASE NO.: 6:23-cv-01279-WWB-LHP**

v.

**DFJ VINHOS, S.A.,**
a Portuguese Corporation,
**RETAIL SERVICES &**
**SYSTEMS, INC. (d/b/a TOTAL**
**WINE),**
a Maryland Corporation,
**COST PLUS WORLD**
**MARKET, LLC (d/b/a WORLD**
**MARKET),**
a Delaware Limited Liability
Company and
**GRAPE EXPECTATIONS, INC. (d/b/a**
**PREMIER WINE COMPANY)**
a California Corporation.

      **Defendants.**
_____/

## MOTION TO SET ASIDE ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff JESSICA HAULTER moves the Court to reopen this Action against DFJ VINHOS, S.A. ("DFJ"), RETAIL SERVICES & SYSTEMS, INC. (d/b/a TOTAL WINE), COST PLUS WORLD MARKET, LLC, and GRAPE EXPECTATIONS, INC. (d/b/a PREMIER WINE COMPANY) for further proceedings and states the following:

1.    A confidential Settlement Agreement was successfully negotiated and entered into between Plaintiff and Defendant DFJ which also released the other Defendants in this action.

1

2. Upon Plaintiff completing the terms of the Settlement Agreement, a third party, Laura Moss Heppolette ("Ms. Heppolette"), a paralegal at Knight Palmer, LLC in Atlanta Georgia (her legal representatives in communicating with both Plaintiff and Defendant DJF) contacted the parties claiming to be the copyright owner of the copyright at issue. Ms. Heppolette used to be a friend of Plaintiff and she and her husband were the individuals who brought the infringement to Plaintiff's attention wherein Ms. Heppolette knew that Plaintiff would pursue this action as Ms. Heppolette and Plaintiff had an agreement to share Plaintiff's proceeds from this lawsuit essentially as a "founder's fee." However, by her own admission, Ms. Heppolette used the Public Access to Court Electronic Records ("PACER") to monitor the progress of this action and only raised an issue of ownership upon seeing the filing of the Notice of Settlement and Order of Dismissal (Dkts. 23 and 24).

3. Even though Plaintiff maintains steadfast as being the rightful copyright owner, Defendant DFJ ceased completing the terms of the Settlement Agreement in view of Ms. Heppolette's claims and her attempts to reach her own independent settlement with Defendant DFJ.

4. At this stage, since no progress has been made on resolving this situation, Plaintiff is exploring pursuing a separate action against Ms. Heppolette. Upon information and belief, Defendant DFJ awaits Ms. Heppolette to follow through on her threat to file her own copyright infringement action against at least Defendant DFJ. None of these other actions are expected to be filed before this Court.

5. Courts recognize that the failure to consummate a settlement agreement is good cause to reopen an action. *See, e.g., United States v. Persaud*, No. 6:02-cv-1528-Orl-22JGG, 2005 U.S. Dist. LEXIS 50663 (ECF No.147) (M.D. Fla. Mar. 1, 2005) *Hitchock v. Orange Cty., Fla*., No. 6:04-cv-1722-Orl-28JGG, 2006 U.S. Dist. LEXIS 102633 (ECF No. 46) (M.D. Fla. June 21, 2006) (granting motion to reopen after case was dismissed in light of a settlement and where settlement agreement was not consummated).

6. Regarding the status of this action, at this stage of the litigation, none of the parties have been served as Defendant DFJ had U.S. counsel respond to an email sent directly to Defendant DFJ by the undersigned's law firm which included a copy of the Amended Complaint (Dkt. 3).  This communication initiated the process resulting in the parties entering into the Settlement Agreement.  For this case to proceed, Plaintiff will have to serve each party, including Defendant DFJ who is in Portugal and whose U.S. counsel has refused to accept service.

DATED this 11th day of December, 2023.

                                                  Respectfully Submitted,

                                                  BEUSSE SANKS, PLLC
157 East New England Avenue, Suite 375
Winter Park, Florida 32789
Telephone:  (407) 644-888
Facsimile:   (407) 645-3200
Email: tsanks@firstiniplaw.com
***Attorney for Plaintiff, Jessica Haulter***

        */s/ Terry M. Sanks*
        Terry M. Sanks
        Florida Bar No. 0154430

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 11, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and by email to Defendant DFJ's U.S. counsel who represented Defendant DFJ in settling this matter.

        */s/ Terry M. Sanks*
        Terry M. Sanks